UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:15-CV-00117-GNS

GRACIE EVANS, et al.                                                    PLAINTIFFS

v.

JUDGE RICHARD DOWNEY, et al.                                           DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion to Permit Supplemental Pleading (DN 31), Plaintiffs' Motions for Joinder of Claims/Parties (DN 37-41), and Defendants' Motions to Dismiss (DN 16, 17, 21). For the reasons stated below, the Court **DENIES** Plaintiffs' motions and **GRANTS** Defendants' motions.

## I.     BACKGROUND

This action arises from alleged violations of the constitutional rights of Plaintiffs Ausia Branch, Gracie Evans, Jarvis Evans, Melanie Evans, and Cassandra Watts's (collectively "the Family") arising from a Warren County Family Court decision removing two children from the Family's care due to neglect and abuse. (Pls.' Resp. to Mot. to Dismiss Am. Compl., DN 24 [hereinafter Pls.' Resp. to CHFS' Mot. to Dismiss]). Specifically, one of the children was diagnosed with "Shaken Baby Syndrome," which ultimately led to the child protective services' removal of the children from the Family's custody and placement in foster care. (Pls.' Resp. to CHFS' Mot. to Dismiss 4, 11). The state court proceedings took place from May 2014 to December 2014. (Pls.' Resp. to CHFS' Mot. to Dismiss 5-8).

Plaintiffs filed the Complaint in this action on September 28, 2015. (Compl., DN 1). Plaintiffs subsequently filed the Amended Complaint on September 30, 2015. (Am. Compl., DN 4). Plaintiffs now seek to supplement their pleadings by adding new allegations. (Pls.' Mot. for Suppl. Pleading, DN 31).

## II.     STANDARD OF REVIEW

Under Fed. R. Civ. P. 15(a), a party may amend its complaint as a matter of right within 21 days after serving the complaint or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

The Court, however, may deny such leave when the amendment is futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). An amendment is futile "if such complaint, as amended, could not withstand a motion to dismiss." *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres., Dep't of Hous. & Urban Dev., City of Louisville*, 632 F.2d 21, 23 (6th Cir. 1980) (citation omitted). Therefore, the Court considers futility by applying the Rule 12(b)(6) standard.

To survive dismissal for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted). "But the district court

need not accept a bare assertion of legal conclusions." *Id.* (internal quotation marks omitted) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted) (citation omitted).

### III.   DISCUSSION

The Family alleges that multiple parties associated with the legal proceedings which lead to the removal of the children from the Family's custody violated their constitutional rights under 42 USC § 1983. (Am. Compl. 1). Most of these allegations are based on vaguely stated bad faith conduct associated with routine stages of child custody proceedings in Warren County Family Court. (Am. Compl. 1-6). The Family now seeks to "supplement" their complaint, although the Court views this motion as a motion to amend under Fed. R. Civ. P. 15(a).

The Court finds that the Complaint, as amended, fails to state a claim upon which relief can be granted. The Family seeks to sue multiple parties who are immune from liability in this case. Specifically, the Family has filed suit against, Judge Richard Downey ("Judge Downey"), Assistant Warren County Attorney Rebecca Gibson ("Gibson"), the Commonwealth of Kentucky Cabinet for Health and Family Services ("CHFS"), former CHFS social worker Edlin Smajlagic ("Smajlagic"), and guardian ad litem, David Keen ("Keen"). The Family's claims against all parties are vaguely stated, alleging unsubstantiated conspiracies and bad faith conduct associated with the investigation, hearings, and prosecution which lead to the removal of the children from their custody. (Am. Compl. 1-8). The Court finds that all of the foregoing parties are immune from suit.

3

First, Plaintiffs' claims against Judge Downey are barred by the Eleventh Amendment because a judge cannot be sued in his official capacity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989); *Bennett v. Thorburn*, No. 86-1307, 1988 WL 27524, at *1 (6th Cir. Mar. 31, 1988) (concluding that an official capacity suit against a judge who presided over state court litigation was barred by the Eleventh Amendment). Judge Downey would still be entitled to immunity even to the extent Plaintiffs had alleged that he acted outside of his official duties. *Mireles v. Waco*, 502 U.S. 9, 13 (1991). The Plaintiffs can only overcome immunity if Judge Downey's actions were non-judicial or the actions were judicial but were taken without jurisdiction. *Id.* Even if Plaintiffs plead sufficient facts to indicate bad faith or malice was plausible— which they have not—Judge Downey would *still* be entitled to immunity. *Id.* at 11 (indicating even establishing corruption, bad faith, and malice is insufficient to overcome judicial immunity). Therefore, Judge Downey is entitled to immunity.

Next the Court considers the immunity of prosecutor Rebecca Gibson. State prosecutors are absolutely immune from civil liability when acting within the scope of their prosecutorial duties. *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976); *Ireland v. Tunis*, 113 F.3d 1435, 1443-44 (6th Cir. 1997). A "functional approach" is employed to determine when a prosecutor is acting within the scope of her duties as a prosecutor and when she is merely giving legal advice or investigating. *Burns v. Reed*, 500 U.S. 478, 486 (1991); *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993). Prosecutors exercising their duties must be given immunity in the professional evaluation of the evidence and appropriate preparation for its presentation in court. *Buckley*, 509 U.S. at 273.

Plaintiffs appear to argue that Gibson is entitled to only qualified immunity, as she acted as an "investigator" and thus is not entitled to absolute immunity. (Pls.' Resp. to Gibson's Mot.

4

to Dismiss 10, DN 21). This Court cannot accept this legal conclusion as true without facts which could plausibly support this assertion. *Iqbal*, 556 U.S. at 678. Instead, all actions taken by Gibson were done in the context of her normal duties as a prosecutor and are therefore immune. *Cady v. Arenac Cty.*, 574 F.3d 334, 339-43 (6th Cir. 2009) (citation omitted). Even if Plaintiffs established illegal or unethical conduct by Gibson—which they have not—Gibson would *still* be entitled to absolute immunity. *Id.* (citation omitted). Therefore, Gibson is entitled to immunity.

The Court next considers the liability of CHFS and Smajlagic. The Eleventh Amendment bars monetary claims brought under Section 1983 against the Commonwealth of Kentucky and its executive branch agencies, and the CHFS is immune from constitutional claims related to the removal of a child from the plaintiff's home. *Lunsford v. Ky. Cabinet for Health & Family Servs.*, No. CIV.A. 12-136-DLB, 2012 WL 2880577, at *2 (E.D. Ky. July 13, 2012); *Sefa v. Kentucky*, 510 F. App'x 435, 437 (6th Cir. 2013). Further, the Sixth Circuit has held that, "although officials literally are persons, an official-capacity suit is a suit against the officials' office and thus against the state itself." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citing *Will*, 491 U.S. at 68). Therefore, since CHFS is immune from suit, any official-capacity claims against any of its employees—including Smajlagic—are precluded as well. *Id.* Employees of CHFS are still entitled to absolute immunity even in an individual capacity when performing tasks that are "intimately associated" with judicial proceedings determining child welfare. *Lunsford*, 2012 WL 2880577, at *5 (quoting *Rippy v. Hattaway*, 270 F.3d 416, 422 (6th Cir. 2001)). Even if Plaintiffs established Smajlagic plausibly made intentional misrepresentations in his report—which they have not—Smajlagic would *still* be entitled to absolute immunity. *See Pittman v. Cuyahoga Cty. Dep't of Children & Family Servs.*, 640 F.3d 716, 726 (6th Cir. 2011). Therefore, both CHFS and Smajlagic are entitled to immunity.

5

Finally, the Court considers the liability of guardian ad litem Keen. Keen is also shielded from the Family's Section 1983 claim because as a guardian ad litem, he is entitled to immunity. *See Kurzawa v. Mueller*, 732 F.2d 1456, 1458 (6th Cir. 1984). "A failure to grant immunity would hamper the duties of a guardian ad litem in his role as advocate for the child in judicial proceedings." *Id*. As guardian ad litem, Keen's duty was to act in the "best interests of the child he represents." *Id*. Keen's position "clearly places him squarely within the judicial process." *Id*. Applying the principles set forth in the analogous Section 1983 Sixth Circuit case, Keen is immune from the Family's Section 1983 claim, and the therefore the Family's supplemental pleadings regarding Keen are futile and will be declined.

As to the Family's request for this Court to overturn the state court's decisions and issue injunctive relief, this request is barred by the *Rooker-Feldman* doctrine. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co*., 263 U.S. 413 (1923). Under this doctrine, federal courts are precluded from exercising jurisdiction over such claims. *See In re Singleton*, 230 B.R. 533, 536 (6th Cir. 1999) ("[F]ederal trial courts have only original subject matter, and not appellate, jurisdiction [and] . . . may not entertain appellate review of [or collateral attack on] a state court judgment." (internal quotation marks omitted) (second and third alterations in original) (citation omitted)). *See also Pieper v. Am. Arbitration Ass'n, Inc*., 336 F.3d 458, 462 (6th Cir. 2003) ("[T]he *Rooker-Feldman* doctrine [] appl[ies] to interlocutory orders and to orders of lower state courts."); *Marshall v. Bowles*, No. Civ.A.3:05CV-280-S, 2005 WL 3454732, at *5 (W.D. Ky. Dec. 15, 2005) (granting a motion to dismiss in a child custody dispute based on the *Rooker-Feldman* doctrine).

Furthermore, the Family's complaint must be dismissed against all parties on additional grounds such as abstention and subject matter jurisdiction. "*Younger* abstention requires a

federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings." *O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008) (citing *Younger v. Harris*, 401 U.S. 37, 40-41 (1971)). "Three factors determine whether a federal court should abstain from interfering in a state court action." *Fieger v. Cox*, 524 F.3d 770, 775 (6th Cir. 2008). Those factors are: "(1) whether the underlying proceedings constitute an ongoing judicial proceeding, (2) whether the proceedings implicate an important state interest, and (3) whether there is an adequate opportunity in the state proceedings to raise a constitutional challenge." *Id*. (citation omitted).

In this case, the Court must abstain pursuant to *Younger*. As to the first factor, the Family's case appears on-going. Specifically, the state court's order is a "Temporary Removal Order" and Plaintiffs themselves appear to claim that their alleged injuries resulting from the Court proceedings are ongoing. (Am. Compl. 4-6) As to the second factor, the Sixth Circuit has recognized that the realm of domestic relations is an important state interest. *Zak v. Pilla*, 698 F.2d 800, 801 (6th Cir. 1982). Finally, the Family may appeal a family court order or judgment including any issued by Judge Downey to the Kentucky Court of Appeals as a matter of right. KRS 22A.020. All three factors weigh against the Court exercising jurisdiction in this matter. Therefore, the Court abstains from exercising jurisdiction pursuant to the *Younger* doctrine.

Furthermore, subject matter jurisdiction over this case may be inappropriate in light of the domestic issues involved in this case. *Danforth v. Celebrezze*, 76 F. App'x 615, 616 (6th Cir. 2003) (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)). *See also Hooks v. Hooks*, 771 F.2d 935, 942 (6th Cir. 1983) ("Traditionally, the federal courts have declined to accept jurisdiction over parent-child, domestic relations or custody disputes . . . ." (citations omitted)). While the "domestic relations exception to federal jurisdiction does not apply to a civil action

7

that merely has domestic relations overtones, federal courts lack jurisdiction where the action is a mere pretense and the suit is actually concerned with domestic relations issues." *Danforth*, 76 F. App'x at 616 (citations omitted). The relief sought essentially seeks to void the court-ordered removal of the children from the Family's care and speaks of a domestic relations matter more so than a civil action. (Am. Compl. 22). This is inappropriate for a federal court because domestic relations matters are strictly reserved for the state court system. *Danforth*, 76 F. App'x at 616. Therefore, the Court finds subject matter to be another reason why this matter must be dismissed and why all further supplemental amendments in this matter are futile.

#### IV.   CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1.   Plaintiffs' Motion to Supplement Pleadings (DN 31) is **DENIED**;

2.   Defendants' Motions to Dismiss (DN 16, 17, 21) are **GRANTED**; and

3.   Plaintiffs' Motions for Joinder of Claims/Parties (DN 37-41) are **DENIED.**

**Greg N. Stivers, Judge**
**United States District Court**

June 23, 2016

cc:   counsel of record
      Plaintiffs, *pro se*

8